**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **PABLO GOMEZ MARTINEZ,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1916-HE** |
| | ) | |
| **F. FIGUEROA, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Pablo Gomez Martinez, a noncitizen proceeding pro se,[1] seeks a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1.[2] United States District Judge Joe Heaton referred the case to the undersigned Magistrate Judge under 28 U.S.C. § 636(b)(1)(B) and (C). Doc. 4. The Government responded and filed a supplemental response, Docs. 7, 13-15, and the matter is at issue.

For the reasons below, the undersigned recommends the Court deny Petitioner's habeas petition, Doc. 1.

## I. Factual background and Petitioner's claims.

[1] This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

[2] Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

Petitioner is a citizen of Mexico who entered the United States on an unknown date without having been admitted or paroled after inspection by an immigration officer. Doc. 7, at 1. On May 28, 2026, Immigration and Customs Enforcement took him into custody and placed him into removal proceedings. *Id.* at 1-2. He appeared with counsel at a custody redetermination hearing on July 10, 2026. *Id.* at 2. The Immigration Judge (IJ) denied bond, finding him a flight risk. *Id.* Ex. 4. The IJ expressed concern about Petitioner's lack of a fixed address or stable employment, and that his sponsor was a friend, not a family member. Doc. 15.

Petitioner challenges his arrest and detention, claiming his arrest was warrantless, and that he did not receive the warrant until the day after his arrest. Doc. 1, at 6. He argues his arrest violated the Fourth Amendment and that his bond hearing violated due process because he does not pose a flight risk. *Id.* at 6-7.

## II. Standard of review.

An application for a writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas corpus relief is warranted only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United

States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

### III. The Court cannot encroach upon an IJ's discretionary weighing of the evidence.

In determining whether a noncitizen is a flight risk, the IJ may consider the following factors:

> (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States.

*In re Guerra*, 24 I. & N. Dec. 37, 40 (B.I.A. 2006).

When a noncitizen like Petitioner is detained under § 1226(a) "the Attorney General may exercise his discretion to either detain or release an alien on bond or conditional parole." *Mwangi v. Terry*, 465 F. App'x 784, 786 (10th Cir. 2012). "But the Attorney General's exercise of discretion is not subject to judicial review." *Id.* "In the context of an immigration bond hearing,

district courts have jurisdiction to review [an IJ's] discretionary bond denial only 'where that bond denial is challenged as legally erroneous or unconstitutional.'" *Diaz-Calderon v. Barr*, 535 F. Supp. 3d 669, 675 (E.D. Mich. 2020) (quoting *Lopez Reyes v. Bonnar,* 362 F. Supp. 3d 762 (N.D. Cal. 2019)). "To be sure, '[d]ue process is not satisfied by rubberstamp denials [of bond].'" *Kumar v. De Anda-Ybarra*, No. CIV-26-164-R, 2026 WL 753944, at *2 (W.D. Okla. Mar. 17, 2026) (quoting *Chi Thon Ngo v. I.N.S.,* 192 F.3d 390, 398 (3d Cir. 1999)). But "a district court sitting in habeas . . . review[ing] due process challenges to immigration bond hearings must proceed carefully, as it 'has no authority to encroach upon an IJ's discretionary weighing of the evidence.'" *Diaz-Calderon,* 535 F. Supp. 3d at 675 (quoting *Arrellano v. Sessions,* Case No. 18-cv-6625, 2019 WL 3387210, at *7 (W.D.N.Y. 2019)).

Petitioner received a custody redetermination hearing, in which he was represented by counsel. The IJ considered Petitioner's lack of evidence for a fixed address and stable employment, that his sponsor was a friend, and that he provided no personal tax return. Doc. 15. The IJ, based on those factors, denied Petitioner's request for bond, determining he was a flight risk. Doc. 8, Ex. 4. Although these findings may appear rote, the undersigned concludes the hearing comported with due process. Petitioner had a right to appeal, but chose not to do so. Doc. 7, at 2; EOIR, https://acis.eoir.justice.gov/en/caseInformation,

(last visited Sep. 25, 2026). *See also* 8 C.F.R. § 1003.19(f). Given the IJ's finding that Petitioner was a flight risk, the undersigned recommends the Court deny Petitioner habeas relief as he has not been deprived of an individualized custody determination.[3]

**IV. Recommendation and notice of right to object.**

For the reasons set forth above, the undersigned recommends the Court deny Petitioner's habeas petition because he was not deprived of an individualized custody determination, Doc. 1.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court by October 12, 2026, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. The undersigned further advises the parties that failure to make timely objections to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation

---

[3] To the extent Petitioner raises a Fourth Amendment claim, habeas relief is similarly not available. "[T]he suppression of evidence is the typical remedy" "[f]or a Fourth Amendment violation." *Kanda v. Cole*, 830 F. Supp. 3d 659, 665 (S.D. Tex. 2026). But "[t]he 'body' or identity of a defendant in a … civil proceeding is never itself suppressible[.]" *I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032, 1039 (1984).

disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 28th day of September, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE